IN THE CIRCUIT COURT FOR THE
TWENTIETH JUDICIAL CIRCUIT IN
AND FOR LEE COUNTY, FLORIDA.

CASE NO. 23-CA-007150

AHZ0215 INVESTMENTS LLC

    Plaintiffs,

v.

ATAIN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT & DEMAND FOR JURY TRIAL

Plaintiff, **AHZ0215 INVESTMENTS LLC,** by and through undersigned counsel, hereby sue Defendant, **ATAIN SPECIALTY INSURANCE COMPANY**, and in support thereof allege as follows:

1. This is an action for an amount in excess of $50,000.00, exclusive of attorney fees, costs, and interest.

2. At all times material hereto, Plaintiff was and is a resident of Charlotte County County, Florida and *sui juris*.

3. At all times material hereto, Defendant was and is an insurance company authorized to and did write homeowners insurance policies within the State of Florida, and specifically within Lee County, Florida.

4. At all times material hereto, Plaintiff was and is the owner of the property located at 814 Lafayette St, Cape Coral, FL 33904, Lee County, (hereinafter "Insured Property").

1

5. At all times material hereto, the subject property was insured under a policy of insurance issued by Defendant to Plaintiff, specifically, policy number BWPF0075566 (hereinafter "Contract"). Said policy of insurance, was issued by Defendant to Plaintiff to provide property insurance coverage for the Insured Property. Plaintiff is not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiff have requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981). The Contract is incorporated herein in its entirety pursuant to Fla. R. Civ. P. 1.130; further, Defendant has a copy of said policy in its possession.

6. At all times material hereto, in consideration of premiums paid by Plaintiff, the Contract was in full force and effect.

7. The Contract provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiff's property that is the result of a loss, whether natural in cause or not, and the policy is required to comply with the provisions of Florida law.

8. On or about September 28, 2022, Plaintiffs' property sustained direct physical damage as the result of a due to Hurricane Ian.

9. As a result thereof, Plaintiffs sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures.

10. The Contract provides coverage for the damages sustained to the Insured Property.

11. Plaintiff gave timely notice to Defendant of such loss, and did thereafter deliver to Defendant a full and particular account of Plaintiff's damages as a result of the loss.

12. Defendant assigned claim number 2201763 to identify the loss reported by Plaintiff and described in paragraph 8 above.

13. Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 8 above.

14. Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiff's Contract with Defendant.

15. All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

16. This is an action relating to Defendant's breach of Contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiff.

17. Jurisdiction and venue of this matter are proper in the County Court for Charlotte County, Florida.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff realleges and reincorporate paragraphs 1-17 as if fully stated herein, and further alleges as follows:

19. It is undisputed, that on September 28, 2022, Plaintiff and Defendant were parties to a valid written Contract (the policy) wherein Plaintiff agreed to pay a premium and in exchange Defendant agreed to insure the subject Property.

20. Plaintiff paid all premiums due and owing as contemplated by the policy, thus, fully performing Plaintiff's obligations under the policy.

21. During the above Contract period the Insured Property sustained direct physical damages as the result of a covered peril.

22. Plaintiff provided timely notice of the loss, described in paragraph 8, above to the Defendant.

23. After conducting its investigation, Defendant acknowledged coverage under the Contract for the damages referenced herein, and has refused or otherwise failed to issue full payment to Plaintiffs for the physical damages to the Insured Property sustained during the Contract period, as Defendant wrongfully represented the damages to the Insured Property to be below the Contract's applicable deductible.

24. Under the Contract, Defendant had an obligation to tender sufficient funds to Plaintiff to allow him to restore the Insured Property to its pre-loss condition or tender policy limits in the event of a total loss.

25. Plaintiff has complied with all obligations and conditions precedent to this lawsuit and which would entitle Plaintiff to recover benefits under the Contract, or such conditions have been waived.

26. Defendant has failed to provide complete coverage for the physical damages that occurred during the Contract period.

27. This failure is contrary to the terms of the Contract and constitutes a material breach of the Contract.

28. Plaintiff has been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of Defendant refusing to pay the full amount owed under the Contract.

29. As a direct and proximate result of Defendant's breach of Contract, Plaintiff has required to retain the services of the undersigned counsel to represent and protect the interests of Plaintiff and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

30. In the event that Plaintiff prevails in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida law, and specifically pursuant to Sections 627.428 and 57.041, Florida Statutes.

**WHEREFORE**, based on the foregoing, Plaintiff, **AHZ0215 INVESTMENTS LLC**, demands judgment against Defendant, **ATAIN SPECIALTY INSURANCE COMPANY**, for damages, including but not limited to damages owed under the Contract, interest, attorney fees, costs, and any other such relief that this Honorable Court deems just and proper.

**DEMAND** is hereby made for trial by jury of all issues so triable as a matter of right.

**DATED** this this 5 day of June 2023.

> **MORGAN LAW GROUP, P.A.**
> 55 Merrick Way, Suite 404
> Coral Gables, Florida 33134
> Phone: (305) 569-9900
> Fax: (305)443-6828

                    e-Service: mlg.eservice@morganlawgroup.net

                    **By:   /s/Francisco Garcia**
                    Francisco Octavio Garcia, Esq.
                    Florida Bar No.: 105149
                    fgarcia@morganlawgroup.net

**/mj**